## JANE AUSTIN *versus* CAMBRIDGEPORT PARISH.

A lot of land was granted on the condition that it should be held for the support of the first and all succeeding ministers who should be settled by a religious society to preach in a meetinghouse on another lot and all other meetinghouses which should subsequently be built on the same site ; and in default of the appropriation of the rents and profits thereof to that purpose, the deed was to be void, and the land to remain in the grantor and his heirs as though the conveyance had never been executed  The proprietors of the meetinghouse lot, to whom the parsonage lot above mentioned had also been transferred, took down the meetinghouse and erected a new one on a different site, having voted however that the meetinghouse lot should be reserved for the erection of a meetinghouse at some future period when they might deem it expedient, and this lot had remained vacant three years and a half when an action was commenced to recover the parsonage lot for a breach of condition.  It was *held*, that there had been a forfeiture by reason of a breach of the condition ; that the grantor's contingent interest was such an estate as was transmissible by devise, and that it passed under a residuary clause in the grantor's will ; and that under the Revised Statutes, the devisee, upon breach of the condition, might institute a suit to recover the land, without making an actual entry.

THIS was a writ of entry sur disseisin, to recover possession of an undivided eighth part of a parcel of land in Cambridge-port, being a parsonage lot.   The demandant declared upon her own seisin within twenty years.   The tenants pleaded that they never disseised her.

The cause was tried before *Morton* J.

The demandant claimed under the will of Benjamin Austin, by which, after devising other land, he devised to her one quarter part of all the rest and residue of his property, estate and effects, whether real, personal or mixed.

Rufus Davenport and others, by their deed of April 15, 1806, conveyed to the Cambridgeport Meetinghouse Corporation, their successors and assigns, about two acres of land, on the conditions and for the purposes therein mentioned and no other, " to wit, the said corporation shall have a right to keep and continue a meetinghouse thereon, where the one now building stands, and to rebuild and enlarge the same in any way ; .. there shall never be erected on the premises any other building, or in any other manner, than as aforesaid, and such part of the said land as shall not be so built on, shall be kept and remain an open area for public convenience."

Benjamin Austin and Jonathan L. Austin were seised as tenants in common each of an undivided moiety of the parcel of land described in the demandant's writ ; and by their deed of April 14, 1808, in consideration of the grant or gift of the meetinghouse lot above mentioned, and of their consequent promise to the grantors of that lot to give a parsonage lot, and of friendship and good will to the Cambridgeport Meetinghouse Corporation, and of one dollar paid by that corporation, they conveyed the land in question to the same corporation, " their successors and assigns forever, for the use and support of the first and all succeeding ministers, who shall be legally settled by a parish or religious society to preach in the meetinghouse built by the corporation aforesaid, and all other meetinghouses which shall hereafter be built on the site where the meetinghouse afore-said stands." The deed contains the following clause : — " Pro-vided always, and this grant is on this express condition, that the premises aforesaid shall forever henceforth be held by said corporation, or their assigns, for the use, benefit and support of the first and all succeeding ministers, who shall be settled by a parish or religious society, to preach in the meetinghouse aforesaid, and all other meetinghouses which shall hereafter be built on the site where the meetinghouse aforesaid stands, and for no other purpose whatever. And in default of the appro-priation of the rents and profits thereof to that purpose, this deed shall be void, and the premises aforesaid shall be and remain in the grantors, and their heirs, as though this convey ance had never been executed."

The Cambridgeport Meetinghouse Corporation, by an inden-ture dated February 2, 1809, between themselves and the tenants, conveyed to the tenants the meetinghouse lot and the meetinghouse standing thereon, subject to the conditions re-specting the tenure, use and improvement thereof, contained in the deed from Rufus Davenport and others, and likewise the parsonage lot conveyed to the same corporation by Benjamin and Jonathan L. Austin, to whose deed express reference is made ; " to have and to hold the aforegranted premises to the said Cambridgeport Parish as and for a place of public religious worship and for a parsonage lot, and for such customary parish uses as are consistent with the original grants, forever, subject

always to the limitations, restrictions and conditions contained and expressed in the deeds above referred to, and provided that any alienations, or alterations of tenure, any permanent neglect, or appropriation of the property to other purposes than those for which it is hereby conveyed, and for which it was originally granted to the said corporation, shall render this conveyance void, and enable the grantors to said corporation to re-enter and possess the premises."

It was admitted by the tenants, that the meetinghouse (which was of brick) mentioned in the deed of April 14th, had been taken down by their direction, in 1833, and that they had caused a meetinghouse, built of wood, in which they now perform religious worship, to be erected on another site about a quarter of a mile distant from the site of the brick meetinghouse ; and that no other meetinghouse had since been built, or is now building, on the site of the brick one.

The demandant did not offer to prove that she had ever entered upon the demanded premises for the purpose of making a formal entry, or for any purpose, since the alleged forfeiture had taken place.

The tenants produced in evidence the deed from Davenport and others, to show upon what conditions they held the meetinghouse lot. They also offered to show, that the old meetinghouse was taken down because it had become unsafe and unfit for use ; that a part of the roof had been blown off in a storm, and it was otherwise out of repair ; that the parish settled a minister about the time of taking down the old meetinghouse and before the new one was finished, who still remains their minister ; and they admitted that he was not installed in the old meetinghouse, and had never preached in it since he was settled over the parish.

To show that the parish had not taken down their meetinghouse with a view to abandon the meetinghouse lot, the records of the parish were offered in evidence ; and it was agreed that they might be used for the purpose of proving any of the foregoing allegations, provided that they were competent evidence for the purpose, in their behalf. By these records it appeared, that in November, 1833, it was " voted, as the sense of this parish, that it is expedient and necessary, as soon as it is prac-

ticable, to take down and rebuild the said meetinghouse for the safe and convenient accommodation of the said parish." And in April, 1834, it was voted, " that the meetinghouse now contemplated, be located upon the lot lately purchased of Mr. Robert Fuller ; and that the lot formerly occupied by the meetinghouse of said parish, be reserved for the erection of a meetinghouse at some period hereafter, when said parish may deem it expedient."

It was agreed that the Court should order a nonsuit, default or new trial, as the law and justice should require.

*Oct. 19th.*      *Ivers J. Austin,* for the demandant.   The grantees of Benjamin and Jonathan L. Austin took a fee simple, on a condition subsequent ; *Gray* v. *Blanchard,* 8 Pick. 284 ; and the tenants hold on the same condition.

The condition has been broken.   The land was to be appropriated to the support of the minister who should be settled to preach in a meetinghouse on a particular lot of land.   The tenants have voluntarily pulled down the meetinghouse which stood there, and instead of rebuilding on the same site, have erected a meetinghouse on a different lot.   Whether they appropriate the parsonage land to the use of a minister not answering to the description in the deed, or do not appropriate it at all, it is equally a breach of the condition.   Com. Dig. *Condition, M* 1 ; Bac. Abr. *Condition, O* 1 ; *Jackson* v. *Topping,* 1 Wendell, 388 ; *Gray* v. *Blanchard,* 8 Pick. 284 ; *Hayden* v. *Stoughton,* 5 Pick. 528 ; *Police Jury* v. *Reeves,* 18 Martin, (new series,) 221.   The tenants have disabled themselves to perform the condition, and this is a breach. The act of God, or of the grantor, or of the king's enemies, or of the law, would excuse performance ; but there is no evidence of either, and the proceedings of the tenants show a voluntary abandonment of the meetinghouse lot for the purpose for which it was granted.   Even if their records were admissible in evidence, and proved that the abandonment was temporary, it nevertheless was voluntary, and a voluntary disability once incurred can never be remedied.   Com. Dig. *Condition, M* 2, *M* 4 ; Litt. § 355 ; Co. Litt. 221 *b,* 222 *a,* 222 *b* ; *Colthirst* v. *Bejushin,* Plowd. 30.   But if the abandonment was intended to be temporary, it has continued an unreasonable

length of time, much longer than was necessary for the purpose of rebuilding. Co. Litt. 208 *a*, 208 *b* ; *Hayden* v. *Stoughton*, 5 Pick. 528 ; 1 Dyer, 33 *a*, *pl.* 10.

The demandant, as devisee, can take advantage of the breach of the condition. There was a possibility of a reverter , 4 Kent's Com. (3d ed.) 10 ; 1 Preston on Estates, 484, 485 ; *Gardner* v. *Sheldon*, Vaugh. 269 ; *Doe* v. *Simpson*, 4 Bingh. New. Rep 333 ; and this was a possibility coupled with an interest. 2 Preston on Abstr. 204. Such a possibility is transmissible to personal representatives and descendible, and therefore devisable. *Jones* v. *Roe*, 3 T. R. 88 ; *King* v. *Withers*, Cas. Temp. Talb. 117 ; *Anon.* 2 Ventr. 347 ; *Welcden* v. *Elkington*, Plowd. 519 ; *Clobberie's Case*, 2 Ventr. 342 ; *Anon.* 2 Ventr. 346 ; *Pawlet's Case*, 2 Ventr. 366 ; *Wind* v. *Jekyll*, 1 P. Wms. 572 ; *Marks* v. *Marks*, 1 Str. 129 ; *Goodtitle* v. *Wood*, Willes, 211 ; *Hayden* v. *Stoughton*, 5 Pick. 528 ; *Doe* v. *Simpson*, 4 Bingh. New Rep. 333 ; *Selwin* v. *Selwin*, 1 W. Bl. 251 ; *Roe* v. *Griffiths*, 1 W. Bl. 606 ; *Atcherley* v. *Vernon*, 10 Mod. 528 ; *Veizy* v. *Pinwell*, Pollexf. 44 ; 2 Wms's Saund. 388 *k* ; *Moor* v. *Hawkins*, 2 Eden, 342 ; *Doe* v. *Tomkinson*, 2 Maule & Selw. 165 ; *Att. Gen.* v. *Vigor*, 8 Ves. 272 ; *Shelley's Case*, 1 Co. 99 *a* ; *Barnitz's Lessee* v. *Casey*, 7 Cranch, 469. It may be said, on the other side, that if the breach had taken place in the lifetime of the testator, he would have had only a right of entry, and that such a right is not devisable. We contend, that the estate would have revested immediately in the testator, without entry. In the case of leases on condition a re-entry is not required, and the ground of difference between a lease and a feoffment, namely, livery of seisin, is removed by our registry acts. Co. Litt. 214 *b*,. 215 *a* ; *Pennant's Case*, 3 Co. Rep. 65 *a* ; *Finch* v. *Throckmorton*, Cro. Eliz. 221 ; *Gwynn* v. *Jones*, 2 Gill & Johns. 183. Two cases to the contrary, *Roberts* v. *Davey*, 4 Barn. & Adolph. 664, and *Bryan* v. *Bancks*, 4 Barn. & Ald. 401, depended on the particular circumstances. But the right of entry was a devisable interest ; Revised Stat. *c.* 62, § 1, 2 ; *St.* 1783, *c.* 24, § 1 ; *Jackson* v. *Varick*, 7 Cowen, 238, (denying Lord *Ellenborough's* opinion in *Goodright* v. *Forrester*, 8 East, 552 ;) *Gist* v. *Robi-*

*net*, 3 Bibb, 2 ; *Carroll* v. *Norwood*, 4 Har. & M'Hen. 287 ; *Hyer* v. *Shobe*, 2 Munford, 200.

This right of the testator passed by the residuary clause in the will. *Hayden* v. *Stoughton*, 5 Pick. 528 ; *Attorney- General* v. *Vigor*, 8 Ves. 256 ; *Morgan* v. *Surman*, 1 Taunt. 289 ; *Doe* v. *Fossick*, 1 Barn. & Adolph. 186 ; *Doe* v. *Weatherby*, 11 East, 322 ; *Atkyns* v. *Atkyns*, Cowp. 808 ; *William* v. *Thomas*, 12 East, 141.

The action was brought after the Revised Statutes went into operation, and therefore the demandant was not bound to piove an actual entry after the breach of the condition. Revised Stat. *c.* 101, § 1, 2, 3, 4, 6, 8.

*H. H. Fuller*, for the tenants. Grants are to be construed beneficially for the grantee. Forfeitures are not favored in law. 4 Kent's Com. 129, 130. The burden is on the demandant to make out a case in law and in fact. The time during which the meetinghouse lot was not used, was not sufficiently 'ong to show a default on the part of the tenants. They might authorize Christians of any denomination to build a meetinghouse on the lot, and considering that they have such right, the Court will not presume an intention to abandon the land. The erection of a meetinghouse is an expensive undertaking, and it could not have been contemplated by the parties to the conveyances, that the fact of the lot's lying vacant only three years and a half, should create a forfeiture.

The right to enter for a breach of the condition was not assignable or devisable. 1 Roberts on Wills, 261, and note. No one could take advantage of the forfeiture by re-entry, except the grantor or his heirs. 4 Kent's Com. 126, 127, 128 ; Com. Dig. *Condition*, *O* 1. The *St.* 1783, *c.* 24, § 1, gives authority to a person " *seised* of a hereditament," to devise the same. The testator could be neither seised nor disseised of this right to re-enter. Nor is a possibility, coupled with an interest, a hereditament. So that the case is not within the statute. The Revised Statutes have not given authority to devise a right of entry for a forfeiture ; they have given a right to devise land of which the testator is disseised This possibility does not lie in seisin. Revised Stat. *c.* 62 § 1, 2

If there was a forfeiture before the Revised Statutes took effect, a right had accrued to the tenants, and to devest it an entry should have been made previously to the commencement of the action. Revised Stat. *c.* 146, § 4, 5.

DEWEY J. delivered the opinion of the Court. The demandant must establish the following positions, to entitle herself to maintain the present action : —

1. That the estate conveyed to the Cambridgeport Meetinghouse Corporation by Benjamin Austin and Jonathan L. Austin, was an estate upon condition subsequent ; —

2. That there has been a forfeiture of the estate by reason of a breach of the condition annexed thereto ; —

3. That the interest of Benjamin Austin in the premises was such an estate as was transmissible by devise, and did pass to his devisees under the provisions of his will ; —

4. That the devisee of such interest might, upon breach of the condition in the deed, institute a suit to recover the premises demanded, before making an actual entry.

To maintain the first point the demandant relies upon the terms of the deed, subjecting the estate to the express condition, that the premises thereby granted shall be held by the grantees and their assigns for the use, benefit and support of the ministers who shall be settled by a parish or religious society, to preach in the meetinghouse situate on the meetinghouse lot conveyed to the Cambridgeport Meetinghouse Corporation by the deed of Rufus Davenport and his associates, and all other meetinghouses which shall be hereafter built on the same site where the said meetinghouse stands, and for no other purpose whatever ; and with the further provision, that if the rents and profits are not so applied, the conveyance is to be void, and the premises to be in the grantors and their heirs.

The terms used in this deed are those indicating, in the most direct and unequivocal manner, that the grantees were to take an estate upon condition subsequent. The present tenants derive their title under the grantees in this conveyance, and take it with the like conditions.

2. Has there been a breach of the condition of this deed

It is admitted by the tenants, that the meetinghouse situated on the lot conveyed by Rufus Davenport and others, was

Austin<br>*v.*<br>Cambridge-<br>port Parish

*April term*<br>1839.

taken down in the year 1833 by order of the tenants, and that no other meetinghouse has since been built or is now building on the same site, but the tenants have caused another meetinghouse to be erected on a different lot, in which they have their religious worship.    There is therefore at the present time no such appropriation of the land conveyed to them under this deed, as was required by the terms of the grant, and the only remaining inquiry on this point is, whether there has been such an abandonment of the former location as a site for a meetinghouse, as will cause a forfeiture of the estate granted by the deed of Benjamin Austin and Jonathan L. Austin.    A destruction of the house by tempest, or other casualty, or the taking it down for the purpose of rebuilding on the same site, obviously would not have affected the rights of the tenants. The law would in such case preserve their estate, and give such a construction to the deed as would afford a reasonable opportunity for rebuilding a house on the same site whenever it should become necessary.    But the tenants contend, that having occasion to make expensive repairs to render the house on the old site suitable and convenient as a place for public worship, they had the right to cause the same to be taken down, to erect a new meetinghouse upon a different lot, and to remove to the same as their stated and regular place of worship, without causing any breach of the condition on which they held the demanded premises, and especially as the tenants, when they voted to change the location of their meetinghouse, also voted, " that the lot formerly occupied for a meetinghouse be reserved for the erection of a meetinghouse at some period hereafter, when said parish may deem it expedient."

These considerations will not, in our opinion, save the breach of the condition annexed to their deed.    An actual removal without any present intention of returning, and accompanied as it is by the strong presumptive evidence as to the proposed future course, by the erecting on a different site an edifice designed to be used as a substitute for the old one, and a dedication and actual adoption of it as such, are facts too significant in their character to be controlled by the circumstances relied upon by the tenants in their defence.    Their vote " reserving the lot for the erection of a meetinghouse at some

perioc hereafter, when said parish may deem it expedient," leaves the event altogether too contingent. Such a vote might be but a dead letter, and cannot avail to save the forfeiture of an estate given on the express condition of applying the profits of it to the use and support of a minister who should preach in a meetinghouse to be placed on the lot thus in effect abandoned. The only doubt that can possibly be raised on the point of a forfeiture, is that arising from the comparatively short period of the non-user of the lot according to the terms prescribed by the deed. That period is something less than four years. Although this might, under some circumstances, be insufficient to cause a forfeiture for mere non-user, yet considering the facts disclosed in the present case, the strong indications of purpose manifested by the actual occupation by the tenants, of other premises for this object, and the erection thereon of a new and permanent edifice, the Court are clearly of opinion, that there has been a breach of the condition on which the tenants held the land.

3. It then becomes important to ascertain whether the interest of Benjamin Austin in the premises at the time of executing his will, was a devisable interest, and if so, whether the demandant acquired a title to the same under the will.

No difficulty exists in the case on the ground of any adverse possession at the time of making the devise, as the premises were held by a concurrent and not an adverse title. The interest of the testator and the tenants united composed only the entire fee simple estate, as much so as in the ordinary case of an estate for life to A, remainder to B. Nor does any objection arise on the ground of any change in the nature of the interest between the time of making the will and the death of the testator. The interest of the testator at both these periods of time was not a present right of entry, but a contingent possible estate. That such an interest is devisable in England, seems well established by the case of *Jones* v. *Roe*, 3 T. R. 88, and the cases there cited. Chancellor *Kent* states the rule to be, that all contingent possible estates are devisable. 4 Kent's Com. 498, in notes. The case of *Hayden* v. *Stoughton*, 5 Pick. 528, is more fully in point, as giving a construction to our statute authorizing devises, and seems to

be entirely decisive of this question.   There can therefore be no doubt but that the testator Benjamin Austin had a devisable interest in the premises.

Nor can there be any question but that this interest was legally devised, and passed by the terms of the residuary clause of the will.   It is not like the case of an interest arising by reason of a lapsed devise of real estate, which would go to the heir at law, and not to the residuary devisee, but it is a contingent interest in the testator not disposed of by any other part of the will, and properly falls within the residuary clause disposing of all the estate not before devised.   *Hayden v. Stoughton*, 5 Pick. 528.

4.  To entitle the devisee to maintain this action, it would, by the principles of the common law, have been necessary fo her to have made an actual entry before instituting her suit, bu by the provisions of the Revised Statutes great and important changes have been introduced into our system in relation to real actions, both in the form of the pleading and in the proof necessary to sustain such an action.   The demandant is no longer required to prove an actual entry under his title in those cases where such entry was necessary at common law, but if he shows that he is entitled to such an estate as he claims in the premises, whether as heir at law, devisee, or otherwise, and that he has a right of entry therein, this is sufficient proof of his seisin.   Revised Stat. c. 101, § 4, 8.

The demandant having established a legal title to the premises as demanded in her writ, the tenants must be defaulted.